IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PRENTIS E. BOLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-0634-CV-DGK |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| VETERANS AFFAIRS; | ) | |
| ADVANCE MORTGAGE CORPORATION; | ) | |
| HOMEWARD RESIDENTIAL, INC.; | ) | |
| OCWEN LOAN SERVICING, LLC; | ) | |
| WELLS FARGO BANK, N.A.; | ) | |
| DAVID BARNES APPRAISAL | ) | |
| SERVICES, INC.; | ) | |
| DOES 1 – 10; | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This case arises from *pro se* Plaintiff Prentis Boles' ("Boles") allegation that Defendant United States Department of Veterans Affairs conspired with the other Defendants to inflate the appraised value of a house he purchased in 2007 and refinanced in 2008. Boles alleges the purpose of the inflated appraisal was to coax him into taking out a larger loan.

Now before the Court is Defendant David Barnes Appraisal Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 41) for insufficient process, insufficient service of process, and failure to state a claim. For the following reasons, the motion is GRANTED.

**Background**

The relevant allegations in the Complaint (Doc. 5) and the documents attached to it are as follows. On March 11, 2007, Plaintiff Prentis Boles signed a contract to buy a house located at 3232 S. Cedar Avenue in Independence, Missouri ("the Property"), for $115,000. To finance the

purchase, Boles used benefits from the Veterans Administration Loan Eligibility Program to obtain a mortgage. His loan broker and the United States Department of Veterans Affairs ("the VA") told him that the mortgage terms depended on the outcome of an appraisal. The broker and the VA insisted that they choose the appraiser, and they chose Defendant David Barnes Appraisal Services, Inc.'s ("Barnes").

On or about April 16, 2007, Barnes appraised the Property at $115,000 as of April 12, 2007. It based this appraisal on an evaluation of four comparable homes in the area. The appraisal listed the VA as the client and any VA-approved lender as the "Intended User." The Complaint does not allege that Boles viewed the appraisal prior to April 16, much less before signing the sales contract on March 11.

The lender subsequently agreed to loan Boles $114,408 to purchase the property, and the VA approved Boles for $112,000 of VA loan eligibility benefits. Boles then closed on the Property.

Between April 2007 and February 2008, Boles made the required monthly payments. In the spring of 2008, Boles refinanced and took out a new loan. From February 2008 to February 2013, Boles made each of his monthly payments. After experiencing financial hardship, Boles applied for, and received, a loan modification in February 2013 for a new loan in the amount of $118,426.18.

After receiving the loan modification, a realtor told Boles that houses in his neighborhood had never been valued at more than $100,000, and that he had grossly overpaid for the Property. On February 12, 2014, Boles hired Tucker Appraisals ("Tucker") to perform a retroactive appraisal of the Property as of April 30, 2007. Based on the value of three comparable homes in the area, Tucker valued the Property at $95,000 as of April 30, 2007. Interestingly, both

appraisers used the same house as a comparable.  The Barnes appraisal valued this house at $116,000 as of April 12, 2007; the Tucker appraisal valued it at $99,930 as of April 30, 2014.

Boles alleges Barnes knew its appraisal was "misleading, fraudulent, and false." Compl. at ¶¶ 26-27.  He also claims that he relied on the Barnes appraisal in agreeing to take out the first loan, that he would not have taken the loan out without the appraisal, and that he justifiably relied on the appraisal because Barnes held itself out as a VA-certified appraiser.

The Complaint asserts five counts, three of which are brought against "all Defendants": Intentional Misrepresentation (Count Three), Negligent Misrepresentation (Count Four), and Fraudulent Concealment (Count Five).

## Standard of Review

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing a pro se complaint, the court construes it liberally and draws all reasonable inferences from the facts in the Plaintiff's favor. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014).  The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

A complaint may also be dismissed for insufficient process or insufficient service of process. Fed. R. Civ. P. 12(b)(4), (5). When a plaintiff is suing a corporation, the corporation may be served: (1) in the same manner prescribed for serving an individual; or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or "any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

## Discussion

### I. Barnes was not properly served.

As a threshold matter, the Court holds the Complaint should be dismissed because Barnes was not properly served. Although Plaintiff attempted to serve Barnes through its attorney, nothing in the record indicates Barnes' attorney is authorized to accept service of process. Thus, Barnes was never properly served under Federal Rule of Civil Procedure 4, and so this portion of the motion is granted.

### II. The Complaint fails to state a claim against Barnes.

#### A. The Intentional Misrepresentation and Negligent Misrepresentation claims are dismissed because Plaintiff cannot establish reliance.

Under Missouri law, to succeed on an intentional misrepresentation or a negligent misrepresentation claim, the plaintiff must establish that he actually relied on the misrepresentation. *Moody v. Kramer & Frank, P.C. et al.*, No. 4:09CV1441-SNLJ, 2010 WL 883660, at *3 (E.D. Mo. Mar. 5, 2010) (holding the plaintiff must establish the hearer's reliance on the representation being true for intentional misrepresentation); *Harris v. Smith*, 250 S.W.3d 804, 808 (Mo. Ct. App. 2008) (holding the plaintiff must establish the listener justifiably relied on the information to establish negligent misrepresentation). Thus, both misrepresentation

claims against Barnes are dependent upon Boles actually relying on the Barnes appraisal when deciding to take out the original loan.

Given the facts alleged in the Complaint, it is not plausible that Boles relied on the appraisal to take out his first loan. Boles signed the sales contract for the Property on March 11, 2007, more than a month before Barnes generated the appraisal. By signing the contract, Boles effectively committed to taking out a loan. Although the appraisal may have reassured Boles that he was not overpaying for the Property, he did not rely on it in deciding whether to borrow the money. *See Dueker v. Gill*, 175 S.W.3d 662, 668-70 (Mo. Ct. App. 2005) (holding buyers who agreed to purchase a property after viewing the appraisal could not show reliance, because the buyers' expressed their intent to purchase the property before the appraisal was completed).

Accordingly, because Counts Three and Four fail to establish the element of reliance, they fail to state a claim against Barnes.

### B. The Fraudulent Concealment claim fails to allege any facts against Barnes.

The heading for Plaintiff's claim for Fraudulent Concealment states this count is brought against "all defendants," however, the body of this count names only Defendants the VA, Advance Mortgage Corporation, and Wells Fargo Bank, N.A. Barnes is not mentioned by name and there are no allegations directed against it. On the contrary, the count appears to be squarely aimed at the three Defendants actually named in the count. It alleges "Defendants were among the nation's leading mortgage companies," and that they "inflated the value of all or much of American real estate" as part of a scheme to induce Plaintiff and other homeowners to take out larger and larger loans so they could gain more profits. Compl. at ¶¶ 97, 100. Hence, the Court holds this count fails to state a claim against Barnes.

## Conclusion

For the reasons stated above, Barnes' motion is GRANTED. All claims against Defendant Barnes are DISMISSED WITHOUT PREJUDICE. *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (observing that absent persistent pleading failures, dismissal of a plaintiff's complaint should normally be with leave to amend).

**IT IS SO ORDERED.**

Date:  July 20, 2015                              /s/ Greg Kays
                                                           GREG KAYS, CHIEF JUDGE
                                                           UNITED STATES DISTRICT COURT